# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN LEE ALLRED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-00122-JMS-DLP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**Entry Granting United States' Motion for Summary Judgment
And Directing Entry of Final Judgment**

## I. Introduction

Plaintiff Shawn Lee Allred was incarcerated at the United States Penitentiary, in Terre Haute, Indiana ("USP-TH"), when he was allegedly injured by staff. The Court screened his amended complaint and determined that Mr. Allred adequately stated a claim against the United States pursuant to the Federal Tort Claim Act ("FTCA") for negligence.

Presently pending before the Court is the United States' motion for summary judgment filed on June 13, 2017. Dkt. 51. The motion is fully briefed.

The United States' motion argues the following: the incidents that occurred before May 4, 2013, are time barred; Mr. Allred has not exhausted his administrative remedies as required by the FTCA with respect to incidents that were not identified in the May 4, 2015, Notice of Tort Claim; the individual accused of causing Mr. Allred's injury is a contractor and not amenable to suit under the FTCA; and the United States was not negligent in providing him medical care while he was

incarcerated at USP-Terre Haute.[1] Mr. Allred's response argues that the United States is not entitled to summary judgment. For the reasons set forth below, the United States' motion for summary judgment, dkt. [51], is **granted**.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Fed. R. Civ. P*. 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *Harney v. Speedway Super America, LLC*., 526 F.3d 1099, 1104 (7th Cir. 2008). The non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co*., 242 F.3d 713, 723 (7th Cir. 2001).

---

[1] Pursuant to the May 11, 2016, Screening Entry, and as discussed in more detail in Section III, any allegations of deliberate indifference to Mr. Allred's serious medical condition are not before the Court in this action. Arguments related to any such claims were disregarded.

### III. Background

Mr. Allred was incarcerated at USP-TH from May 11, 2011, until May 16, 2016. Dkt. 51-1, ¶ 6. On May 11, 2016, the Court screened Mr. Allred's amended complaint pursuant to 28 U.S.C. § 1915A(b). The Court permitted two claims to proceed in this action. The allegations supporting these claims were: 1) that Mr. Allred was injured by Physical Therapist Ashley Matchett on or about August 15, 2014; and, 2) that he injured his back in February of 2015 while being transported to or from an outside medical appointment for a pacemaker check because of erratic driving and did not receive medical care following this injury. Dkt. 7, at 5; dkt. 9.

Other claims were alleged but not permitted to proceed in this action. Specifically, Mr. Allred alleged medical staff was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment when they allegedly took away his pain and anxiety medications and denied him replacement medication during his stay at USP-TH. The Court notified Mr. Allred that these claims would not be permitted to proceed in this action because they were misjoined. Dkt. 9. The Court instructed Mr. Allred to notify the Court whether he wanted to sever these claims into a new action. After an extended period of time, Mr. Allred failed to respond to the Court's Screening Entry, and on August 23, 2016, the Court held that the claims related to the denial of his medications had been abandoned and dismissed them. Dkt. 24.

### IV. Statement of Material Facts Not in Dispute

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Allred as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

As an initial matter, Mr. Allred failed to comply with Local Rule 56–1(b), which provides: "A party opposing a summary judgment motion must . . . file and serve a response and any evidence (that is not already in the record) that the party relies on to oppose the motion. The response must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." Mr. Allred does not have a section in his brief labeled "Statement of Material Facts in Dispute." In fact, his response does not discuss any material facts relating to the allegations in his amended complaint.

Additionally, Mr. Allred failed to comply with Rule 56-1(e), which provides: "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." Mr. Allred includes a few irrelevant facts, but fails to cite to any evidence at all in clear violation of Local Rules 56–1(b) and (e). It is well within the Court's discretion to disregard all factual assertions not accompanied by the required citation. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has "repeatedly upheld the strict enforcement of [the local] rules").

**A. Injuries**

Throughout his time at USP-TH, Mr. Allred was treated for back pain and was given medication for his back pain. Dkt. 51-9; dkt. 51-10.

On March 20, 2012, Mr. Allred saw PT Matchett for a physical therapy evaluation. PT Matchett was a contractor retained to provide physical therapy to inmates at USP-TH. Dkt. 51-54, ¶ 5. He was not an employee of the Bureau of Prisons. Dkt. 51-54, ¶ 6.

On February 18, 2014, Mr. Allred saw PT Matchett about his left heel and right shoulder pain. PT Matchett believed that the heel pain was plantar fasciitis and he showed Mr. Allred some

stretches to help manage the condition. With respect to the shoulder pain, PT Matchett noted that Mr. Allred's symptoms were unchanged from March 2012, and were the result of an old shoulder injury. Due to the chronic nature of the injury, PT Matchett concluded that ongoing physical therapy was not necessary and he encouraged Allred to continue his previously prescribed home exercise plan. Dkt. 51-9 ¶ 26; dkt. 51-32 at 1.

On August 14, 2014, Mr. Allred had a physical therapy consultation with PT Matchett. He requested a walker or wheelchair and was reportedly upset about being moved to a housing unit where he had to walk more. Mr. Allred also stated that he believed that bed rest would help his back pain, however, PT Matchett encouraged him to remain active because "research clearly shows this [is] desirable in cases of [lower back pain]." PT Matchett advised against a wheelchair or a walker, and explained that a TENS[2] unit should not be ordered due to Mr. Allred's pacemaker. Dkt. 51-9 ¶ 31; dkt. 51-37.

On May 4, 2015, Mr. Allred submitted a Notice of Tort Claim (TRT-NCR-2015-04026) alleging that he injured his back during a "crazy ride" to a local medical center for a pacemaker check on or about February 7, 2015, and he did not receive appropriate medical care for those injuries. Dkt. 51-1 ¶ 7; dkt. 51-3. Specifically, he stated:

---

[2] It is not clear from the record what a TENS unit is.



Dkt. 51-3.

Mr. Allred filed this action on April 12, 2016. Dkt. 1.

The Bureau of Prisons denied his tort claim on April 27, 2016. Dkt. 51-4.

Mr. Allred filed an amended complaint on April 26, 2016. He alleged he was injured by PT Ashley Matchett on or about August 15, 2015, and that he injured his back in February of 2015[3] while being transported to or from an outside medical appointment for a pacemaker check because of erratic driving and he did not receive medical care following this injury.

**B. Expert Opinion**

Dr. Kevin Gebke, a Board Certified Family Medicine and Sports Medicine doctor, employed by the Indiana University School of Medicine in Indianapolis, Indiana, reviewed Mr. Allred's medical records and opined that the medical care provided to Mr. Allred by medical staff at the USP-TH was timely, appropriate, and within the standard of care.

Dr. Gebke noted that Mr. Allred had a long history of low back pain dating back to 1985 when he injured his back in a car accident. He stated that Mr. Allred's medical records reflect that

---

[3] In the amended complaint, Mr. Allred refers to a crazy ride that occurred in January of 2015. This is likely a scrivener's error and Mr. Allred is referring to the same van ride as referenced in his tort claim that he alleges occurred on or about February 7, 2015. As such, the Court will treat the "crazy van ride" as a single event for purposes of summary judgment and refer to it as occurring in February of 2015.

6

Mr. Allred has re-injured his back several times since 1985. Specifically, his medical records reflect that he sustained an injury in 2005, that he was in a bus accident in 2008, and that he fell while moving furniture at home. Dkt. 51-53. Dr. Gebke stated that Mr. Allred's medical records did not reflect any evidence of an injury that occurred in February of 2015 while being transported to an outside medical provider.

Mr. Allred was evaluated by USP-TH medical staff each time he presented with back pain, and Dr. Gebke opined that he was provided with an appropriate treatment regimen. Moreover, as Mr. Allred's symptoms recurred or were exacerbated, Dr. Gebke noted he was provided with treatment commensurate with the standard of care. Dkt. 51-52; dkt. 51-53.

Mr. Allred has filed a motion objecting to the United States' expert witnesses. *See* dkt. 49. In the motion, Mr. Allred seeks to exclude any defendant that may have provided negligent medical care to him as an expert witness. First, the United States is the defendant in this action. There are not any individual defendants. Second, it is the district court's role to determine whether expert testimony will be considered by the Court. *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015). As the gatekeeper, the Court may reject an expert opinion as insufficient. Here, the Court has not relied on any expert testimony from Dr. Wilson (who is not a defendant in this action), dkt. 51-9, who was the Clinical Director at FCC-Terre Haute while Mr. Allred was incarcerated there. The United States' expert is Dr. Kevin Gebke. Mr. Allred's objection, dkt. [49], is **denied**.

## V. Discussion

There are two claims brought against the United States pursuant to the FTCA in this action. The first claim is that PT Matchett injured Mr. Allred during a physical therapy session. The second claim is that Mr. Allred's back was injured in February of 2015 while being transported to or from an outside medical appointment because of erratic driving and he did not receive medical care

7

following this injury. Dkt. 7, at 5; dkt. 9.

### A. Claims against PT Ashley Matchett.

The United States argues that Mr. Allred's FTCA claims against PT Matchett are barred because PT Matchett was a contractor when he treated Mr. Allred and not an employee of the United States. The FTCA is a limited waiver of sovereign immunity, authorizing tort suits against the United States by those who are injured by the negligent acts or omissions of any employee of the government acting within the scope of official duties. 28 U.S.C. § 1346(b); *LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir. 2003). The United States argues that because PT Matchett was not an employee of the United States, but an independent contractor, the United States is entitled to summary judgment for any injuries PT Matchett allegedly caused under the independent contractor exception. *See Alinsky v. United States,* 415 F.3d 639, 643-645 (7th Cir. 2005); *Halker v. United States*, No. 1:07-CV-1456-JMS-WGH, 2010 WL 2838468, at *3 (S.D. Ind. July 16, 2010) (holding that a claim that falls under the FTCA's independent contractor exception is properly subject to dismissal for lack of subject matter jurisdiction). Mr. Allred does not address this argument in his brief or dispute the fact that PT Matchett was a contractor.

The undisputed facts show that PT Matchett was a contractor, not an employee, when he treated Mr. Allred. Dkt. 51-54, ¶ 6. As such, the United States' motion for summary judgment as to the allegations of negligence by PT Matchett is **granted**.

### B. Claims of negligence stemming from van ride.

Mr. Allred's second claim is that he injured his back in February of 2015 while being transported for outside medical treatment and the medical staff failed to provide treatment for that injury.

On May 4, 2015, Mr. Allred submitted a Notice of Tort Claim (TRT-NCR-2015-04026) alleging that he injured his back during a "crazy ride" to a local medical center for a pacemaker check on or about February 7, 2015, and he did not receive appropriate medical care that injury. Dkt. 51-1 ¶ 7; dkt. 51-3.

With respect to Mr. Allred's allegations that he was injured by an erratic van ride, the claim that can be inferred from the amended complaint is a claim for general negligence pursuant to the FTCA.

Where claims arise under the FTCA, government employees are held liable to a claimant "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Here, Indiana's substantive law governs. To show negligence under Indiana law, Mr. Allred must demonstrate (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. *See Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007); *French v. State Farm Fire & Cas. Co.*, 881 N.E.2d 1031, 1039 (Ind. Ct. App. 2008). Generally, the mere fact that an injury occurred will not give rise to a presumption of negligence under Indiana law. *Narducci v. Tedrow*, 736 N.E.2d 1288, 1292 (Ind. Ct. App. 2000).

To be sure, the United States owed Mr. Allred a duty. Indiana law recognizes that a custodian has a legal duty to exercise reasonable care to preserve the life, health and safety of a person in custody. *See Sauders v. County of Steuben*, 693 N.E.2d 16, 18 (Ind. 1998); *Johnson v. Bender*, 174 Ind. App. 638, 369 N.E.2d 936, 939 (1977) (finding that a sheriff who was charged with the care and custody of a prisoner had a duty to take reasonable precautions under the circumstances to preserve the life, health, and safety of the prisoner). To survive summary

judgment, however, Mr. Allred must demonstrate that the actions or omissions of the BOP employees breached that duty in some way. He cannot meet that burden.

First, there is no admissible evidence in the record describing the manner in which the BOP van transporting Mr. Allred to an outside medical appointment for a pacemaker check was driven. Mr. Allred has failed to point to any evidence that a BOP employee drove a van in an erratic manner such that Mr. Allred was injured.

Second, even if there were an incident involving erratic driving, there is no evidence that Mr. Allred was injured as a result of the erratic driving. On February 5, 2015, Mr. Allred saw LPN Sawyer following the pacemaker check and did not voice any complaints or concerns, and did not appear to be in any distress. Dkt. 51-9 ¶ 34; dkt. 51-40. Mr. Allred was seen five more times between February 5th and the time he filed his notice of tort claim, dkt. 51-9 ¶ ¶ 35-39; dkt. 51-41; dkt. 51-42; dkt. 51-43; dkt. 51-44; dkt. 51-45, and at none of these appointments did Mr. Allred state to the medical care provider that he sustained a back injury during a van ride. Moreover, Mr. Allred does not provide any evidence indicating that he told medical staff that he was injured in the van ride and he needed medical treatment for such injuries.

Third, even if Mr. Allred did sustain an injury in a van being driven in an erratic manner by a BOP employee and the United States failed to treat it, this claim is one for medical malpractice. In a medical malpractice case, to show a breach of duty, "expert medical testimony is usually required to determine whether a physician's conduct fell below the applicable standard of care." *Bader v. Johnson*, 732 N.E.2d 1212, 1217–18 (Ind. 2000); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 753 (7th Cir. 2004) ("[U]nder Indiana law a prima facie case in medical malpractice cannot be established without expert medical testimony."). "This is generally so because the technical and complicated nature of medical treatment makes it impossible for a trier

of fact to apply the standard of care without the benefit of expert opinion on the ultimate question of breach of duty." *Bader*, 732 N.E.2d at 1217–18. Expert testimony is required unless the defendant's conduct is "understandable without extensive technical input" or "so obviously substandard that one need not possess medical expertise to recognize the breach." *Gipson v. United States*, 631 F.3d 448, 451 (7th Cir. 2011).

The United States argues that Mr. Allred's medical malpractice claim must fail because the care that he received the entire time he was incarcerated at USP-TH fell within the standard of care. The United States has provided expert medical testimony from Dr. Gebke evidencing that the medical care Mr. Allred received during his entire stay, and not just the period after he was allegedly injured in the van ride, was timely, appropriate, and within the standard of care. Dkt. 51-52; dkt. 51-53.

In contrast, Mr. Allred has provided no expert testimony to support his medical malpractice claim that he sustained a back injury in a van ride and received no medical treatment for it. The Court cannot say that the proper course of treatment for any back injuries Mr. Allred may have sustained given his extensive medical history is so obvious as to be within the understanding of lay people. Expert testimony is therefore required.

Here, the evidence shows that the medical treatment Mr. Allred received while incarcerated at USP-TH for his back problems was within the standard of care. The United States did not breach a duty by failing to treat Mr. Allred. Because Mr. Allred has not provided any expert testimony to show a genuine issue of material fact on this point, the United States' motion for summary judgment is granted.

## VI. Conclusion

The United States' motion for summary judgment, dkt. [51], is **granted**. Judgment consistent with this ruling shall now issue.

**IT IS SO ORDERED**.

Date: 03/05/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHAWN LEE ALLRED
11296-081
40 Chestnut Street
Nashua, NH 03060

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov